People v Garcha (2023 NY Slip Op 50680(U))

[*1]

People v Garcha (Gurwinder)

2023 NY Slip Op 50680(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2022-171 OR CR

The People of the State of New York, Respondent,
against
Gurwinder S. Garcha, Appellant. 

Gerstenzang, Sills, Cohn & Gerstenzang (Eric H. Sills of counsel), for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Newburgh, Orange County (Richard Clarino, J.), rendered February 1, 2022. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (common law), and imposed sentence. The appeal brings up for review so much of an order of that court (People v Garcha, 74 Misc 3d 184 [2021]) dated December 7, 2021 as denied the branches of defendant's motion seeking to dismiss the simplified traffic informations charging him with aggravated driving while intoxicated (per se) and driving while intoxicated (common law), respectively.

ORDERED that the judgment of conviction is reversed, on the law, and the branches of defendant's motion seeking to dismiss the simplified traffic informations charging him with aggravated driving while intoxicated (per se) and driving while intoxicated (common law), respectively, are granted.
Defendant was charged, in separate simplified traffic informations, with aggravated driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), and consumption of alcohol in a motor vehicle (Vehicle and Traffic Law § 1227 [1]). On October 13, 2021, the simplified traffic informations were filed with the court, along with a document, dated October 9, 2021, entitled "Supporting Deposition / DWI Bill of Particulars." On October 15, 2021, defense counsel faxed a letter to the Justice [*2]Court, requesting a supporting deposition pursuant to CPL 100.20 and 100.25 (2) and a copy of the court's file. On October 20, 2021, the court ordered the arresting trooper to serve a copy of the supporting deposition on defendant or his attorney and to file such supporting deposition with the court together with proof of service thereof (see CPL 100.25 [2]). On the same day, the court also faxed to defense counsel the contents of its file, which included the simplified traffic informations and the supporting deposition.
By November 30, 2021, the trooper had not complied with the order, and defendant moved to dismiss all charges against him on the ground that the accusatory instruments were facially insufficient. The Justice Court, insofar as relevant to this appeal, denied the branches of defendant's motion seeking to dismiss the simplified traffic informations charging him with aggravated driving while intoxicated (per se) and driving while intoxicated (common law) (see People v Garcha, 74 Misc 3d 184, 186 [Town of Newburgh Just Ct 2021]). Thereafter, defendant pleaded guilty to driving while intoxicated (common law) in satisfaction of both accusatory instruments, and sentence was imposed.
When a defendant is charged in a simplified traffic information with a Vehicle and Traffic Law violation and makes a timely request for a supporting deposition, he is "entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged" (CPL 100.25 [2]). Additionally, "[u]pon such a request, the court must order the complainant police officer . . . to file such supporting deposition with the court together with proof of service thereof" (id.). "If the police officer or public servant fails to comply with this requirement, the simplified traffic information is rendered 'insufficient on its face' (CPL 100.40 [2]) and, as such, subject to dismissal upon the defendant's motion" (People v Epakchi, 37 NY3d 39, 45-46 [2021]).
Defendant made a timely request for a supporting deposition, triggering his "entitle[ment] to have filed with the court and served upon him" a supporting deposition, and, while the record demonstrates that a supporting deposition was filed with the court, it was not accompanied with any "proof of service thereof" (CPL 100.25 [2]; see People v Wagschal, 59 Misc 3d 29 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). This failure "renders the simplified [traffic] information[s] insufficient on [their] face" (CPL 100.40 [2]; see People v Midgett, 72 Misc 3d 127[A], 2021 NY Slip Op 50588[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Wagschal, 59 Misc 3d 29). Consequently, under the particular circumstances of this case, the People failed to demonstrate their full compliance with CPL 100.25 (2).
We do not consider contentions raised for the first time on appeal.
Accordingly, the judgment of conviction is reversed and the branches of defendant's motion seeking to dismiss the simplified traffic informations charging him with aggravated driving while intoxicated (per se) and driving while intoxicated (common law), respectively, are granted.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023